**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS ) <br> CHINESE-MANUFACTURED FLOORING ) <br> PRODUCTS MARKETING, SALES ) <br> PRACTICES AND PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) | Case No. <br> 1:15-md-02627-AJT-TRJ |

**This Document relates to ALL Cases.**

### [PROPOSED] STIPULATED ORDER FOR PRESERVATION OF EVIDENCE

Plaintiffs in the above-captioned case and Defendant Lumber Liquidators, Inc. (collectively, the "Parties") submit this Stipulated Order for Preservation of Evidence (the "Order"). The Parties have discussed their preservation obligations and needs and have agreed that preservation of potentially relevant evidence, including electronically stored information (ESI), will be reasonable and proportionate. This Order relates to document preservation including ESI, and samples as discussed herein and does not address the relevancy, discoverability, or admissibility of any evidence. The Parties will continue to meet and confer as the case progresses and the Parties learn more about the scope of discovery or the nature of Lumber Liquidators' document storage systems, and any Party shall be free to seek amendment of this Interim Order.

The terms of this Order regarding temporal and subject matter scope are intended to govern evidence preservation only, and do not constitute findings by the Court regarding any party or entity's obligation to produce documents in response to a future discovery request in this proceeding.

To reduce the costs and burdens of preservation and to ensure proper evidence is preserved, the Parties are ordered:

      1.      To preserve all documents, electronically stored information, and tangible things[1] that contain information relevant to the related actions including information relating to Lumber Liquidators' indoor air quality testing program, such as protocols, communications, customer service logs and recordings, and test results. This Order incorporates by reference the preservation duties set forth in Section 40.253 of the Manual for Complex Litigation, Fourth.

      2.      That the relevant time period for these actions for preservation purposes only is, as a general matter, January 1, 2009 through the present day. The Parties will preserve documents that are relevant to activities implicated by these related actions during that time period. To the extent that relevant documents pre-dating that period exist, the Parties are obligated to identify and preserve those documents.
Lumber Liquidators does not agree that January 1, 2009 is the start date for documents to be produced in this litigation. The date for the beginning of production will be the subject of meet-and-confer between the Parties when discussing document production.

      3.      That documents and ESI will be preserved for the following types of custodians:

      a.      Named plaintiffs;

      b.      Lumber Liquidators' employees or agents who are likely to have relevant information, such as marketing personnel, regulatory compliance personnel, scientific or engineering personnel, sales and finance personnel, and customer service or warranty personnel; and

      c.      Manufacturing facilities, distributors, shippers, or any other party involved in the manufacturing, testing (for formaldehyde emissions), or shipping of the laminated flooring at issue to the extent said documents or ESI are within the possession, custody or control of Lumber Liquidators. To the extent that Lumber Liquidators has control over such entities and can require them to preserve said evidence, Lumber Liquidators is hereby ordered to do so, and shall be responsible for their compliance. In addition, to the extent that such entities are not

---

[1] As defined by Fed. R. Civ. P. 34.

within its control, Lumber Liquidators agrees to promptly request preservation of said documents or ESI.  Within seven days of entry of this Order, Lumber Liquidators shall provide to all third parties likely to possess relevant evidence, whether they are under Lumber Liquidators' control or not, a written communication containing the language set forth in Exhibit A hereto, if Lumber Liquidators did not already did so pursuant to Judge Tigar's order in *Balero v. Lumber Liquidators, Inc.*, 3:15-cv-01005-JST (N.D. Cal).  For entities located in China, Lumber Liquidators shall provide the Notice in English and Chinese.

       4.       To preserve the flooring at issue as follows:

          a.       Lumber Liquidators will preserve and not destroy until plaintiffs' experts have had a reasonable opportunity to inspect or test, any Chinese-made laminated flooring that is the subject of any warranty claim against Lumber Liquidators.  This does not mean that Lumber Liquidators may not sell its products.

          b.       Lumber Liquidators will preserve and not destroy until plaintiffs' experts have had a reasonable opportunity to inspect or test, any exemplars or samples that were provided to Lumber Liquidators by any Chinese manufacturer of the laminated flooring at issue.

          c.       Lumber Liquidators will preserve and not destroy until plaintiffs' experts have had a reasonable opportunity to inspect or test, any laminated flooring manufactured in China that is currently warehoused or stored by Lumber Liquidators.  This does not mean that Lumber Liquidators may not sell its products.

          d.       From the date that the Court signs this Order, named plaintiffs will not remove or replace their Lumber Liquidators' flooring without preserving samples of the flooring that they have removed or replaced.  Additionally, they will preserve and not destroy:

              (i)       Package label reflecting CARB compliance for the product(s) the named plaintiff purchased from Lumber Liquidators or a photograph thereof.

              (ii)      All documents related to the flooring the named plaintiff purchased from Lumber Liquidators including but not limited to, any receipts, invoices, packaging, installation documents, brochures, samples, etc.

         (iii)    All documents related to the named plaintiff's decision to purchase flooring from Lumber Liquidators;

         (iv)    All documents related to any formaldehyde testing of flooring in the named plaintiff's home;

         (v)    All documents related to the named plaintiff's claim for damages against Lumber Liquidators; and

         (vi)    Any photographs of the Lumber Liquidators flooring as installed in the named plaintiff's home.

    e.    The Parties shall meet and confer regarding an acceptable protocol on the storage of any preserved samples or flooring.

    5.    The Parties recognize that some data sources may not be reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved, but not searched, reviewed, or produced.  Lumber Liquidators will have the burden to establish a data source as not reasonably accessible.  The Parties will meet and confer at a later date to discuss whether such data sources exist.  The plaintiffs do not waive any right to dispute the inaccessibility of the data or to argue that no cost shifting should occur even if the data is deemed to be not reasonably accessible.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  August 17, 2015         */s/ Nancy Fineman*
         Nancy Fineman (*Pro Hac Vice*)
         E-mail: nfineman@cpmlegal.com
         Cotchett, Pitre & McCarthy, LLP
         840 Malcolm Road, Suite 200
         Burlingame, CA 94010
         650.697.6000 (Telephone)
         650.697.0577 (Facsimile)

         *Plaintiffs' Co-Lead Counsel*

DATED: August 17, 2015	/s/ Steve W. Berman
Steve W. Berman (*Pro Hac Vice*)
E-mail: steve@hdsslaw.com
Hagens Berman Sobol Sharpiro LLP
1918 Eighth Ave., Suite 3300
206.623.7292 (Telephone)
206.623.0594 (Facsimile)

*Plaintiffs' Co-Lead Counsel*


DATED: August 17, 2015	/s/ Steven J. Toll
Steven J. Toll (VSB No. 15300)
E-mail: stoll@cohenmilstein.com
Cohen, Milstein, Sellers & Toll PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005
202.408.4600 (Telephone)
202.408.4699 (Facsimile)

*Plaintiffs' Co-Lead Counsel*


DATED: August 17, 2015	/s/ Diane P. Flannery
Diane P. Flannery (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)

*Defendants' Co-Lead Counsel*


DATED: August 17, 2015	/s/ William L. Stern
William L. Stern (*Pro Hac Vice*)
E-mail: wstern@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415.268.7000 (Telephone)
415.268.7522 (Facsimile)

*Defendants' Co-Lead Counsel*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
HON. ANTHONY J. TRENGA
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2015, a true and correct copy of the foregoing was filed electronically with the clerk of this Court using the CM/ECF system, and in accordance with Local Rules and the procedures adopted in the Initial Order and Pretrial Order No. 1A. This filing will cause a copy of the same to be served, via a Notice of Electronic Filing, upon counsel of record in this matter, all of whom have consented to electronic service, unless otherwise sent by U.S. Mail as indicated below.

This notice was served by U.S. Mail on August 17, 2015 on the following:

**Berg v. Lumber Liquidators, Inc. et al.**, No. 1:15-cv-2716

| | |
|---|---|
| **Mark A. Delaney** | **Rebecca A. Musarra** |
| Block & Leviton LLP | Grant & Eisenhofer P.A. |
| 155 Federal Street, Suite 1303 | 123 Justison Street, 7th Floor |
| Boston, MA 02110 | Wilmington, DE 19801 |

**Richard A. Maniskas**
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087

**Brown v. Lumber Liquidators, Inc. et al.,** No. 1:15-cv-2659

| | |
|---|---|
| **Warren T. Burns** | **Korey A. Nelson** |
| **Daniel H. Charest** | **Elizabeth A. Roché** |
| BURNS CHAREST LLP | BURNS CHAREST LLP |
| 500 N. Akard, Suite 2810 | 365 Canal Street, Suite 1170 |
| Dallas, TX 75201 | New Orleans, LA 70130 |

**Carl v. Lumber Liquidators, Inc. et al.,** No. 1:15-cv-2699

**Michael D. Donovan**
**Donovan Axler LLC**
1845 Walnut St Ste 1100
Philadelphia, Pa 19103

**Fultineer v. Lumber Liquidators, Inc. et al.**, No. 1:15-cv-2706

**Irvin Victor Cantor**
**Cantor Stoneburner Ford Grana & Buckner**
7130 Glen Forest Dr
Suite 400
Richmond, VA 23226

**Guest v. Lumber Liquidators, Inc. et al**, No. 1:15-cv-2717

| | |
|---|---|
| **Anthony J. Bolognese** | **Nicholas J. Guiliano** |
| **Bolognese & Associates LLC** | **The Guiliano Law Firm, P.C.** |
| 1617 JFK Boulevard, Suite 650 | 230 South Broad Street, Suite 601 |
| Philadelphia, PA 19103 | Philadelphia, PA 19102 |

**Loup v. Lumber Liquidators, Inc. et al.,** No. 1:15-cv-2733

**Fernando Paladino**
2302 Justin Lane
Harvey, LA 70058

**Matthews v. Lumber Liquidators, Inc. et al.**, No. 1:15-cv-2732

**Gerald E. Meunier**
**Gainsburgh, Benjamin, David, Meunier,**
**Noriea & Warshauer**
1100 Poydras Street
Suite 2800
New Orleans, LA 70163-2800

**Myers v. Lumber Liquidators, Inc. et al.,** No. 1:15-cv-2753

**James G Stranch , III**
**Branstetter, Stranch & Jennings, PLLC**
227 Second Avenue North
Fourth Floor
Nashville, TN 37201-1631

**Parnella v. Lumber Liquidators, Inc. et al.,** No. 1:15-cv-2736

**Cary L McDougal**
**Baron & Budd, PC - Dallas**
3102 Oak Lawn Ave
Suite 1100
Dallas, TX 75219

**Pesce v. Lumber Liquidators, Inc. et al.**, No. 1:15-cv-2715

**Kevin O'Brien**
**Pogust, Braslow & Millrood, LLC**
161 Washington Street, Suite 1520
Conshohocken, PA 19428

**Picard v. Lumber Liquidators, Inc. et al**, No. 1:15-cv-2719

**Thomas B. Malone**
**The Malone Firm, LLC**
1650 Arch Street, Suite 1903
Philadelphia, PA 19103

**Smith v. Lumber Liquidators, Inc. et al.,** No. 1:15-cv-2693

| | |
|---|---|
| **Richard Dorman** | **Walker Badham** |
| **Badham & Buck LLC** | **Badham & Buck LLC** |
| 2001 Park Place North, Ste. 500 | 2001 Park Place North, Ste. 500 |
| Birmingham, AL 35203-274 | Birmingham, AL 35203-2746 |

*/s/ Diane P. Flannery*
Diane P. Flannery, Esq. (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)

*Defendants' Co-Lead Counsel*